

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-28-2009

# Jiang v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3392

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Jiang v. Atty Gen USA" (2009). *2009 Decisions.* Paper 1291.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1291

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3392
_____

XIANG JIANG,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A77 354 699
Immigration Judge: Esmeralda Cabrera

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 27, 2009

Before: SLOVITER, STAPLETON and COWEN,  Circuit Judges

(Opinion filed: May 28, 2009)
_____

OPINION
_____

PER CURIAM

     Xiang Jiang petitions for review of an order of the Board of Immigration Appeals

(BIA), which denied his second motion to reopen.  Because it appears that the BIA did

not consider the evidence that Jiang submitted with his motion, we will vacate the BIA's

denial of the motion to reopen and remand for further proceedings.

Jiang is a native and citizen of China. He arrived in the U.S. in 2001 without proper documentation, and applied for asylum and related relief based on a fear of persecution because he had a land dispute with government officials in China. The IJ denied relief, and the Board of Immigration Appeals (BIA) affirmed on September 4, 2003.

Jiang filed a motion to reopen in September 2006, alleging that his asylum case should be reopened due to changed personal circumstances. He stated that he had a traditional marriage with a Chinese woman in the U.S. in March 2003, and they had two daughters thereafter. Jiang alleged that he was eligible for asylum based on his "wife's" opposition and resistance to family planning policy. He argued that his wife was likely to be forcibly sterilized if they were to return to China, and he argued that he would be subjected to a forced vasectomy.

The BIA denied the motion on August 30, 2007, finding that it was untimely because it was filed more than 3 years after the BIA's previous decision. The BIA stated that Jiang did not meet the timeliness exception for motions based on changed country conditions, because all of the evidence Jiang presented with his motion to reopen regarding country conditions was available before his April 2002 hearing before the IJ. The BIA noted that the evidence presented did not support Jiang's assertion that he would be subjected to a forced vasectomy. The BIA also noted that it had recently held in

2

Matter of S-L-L-, 24 I&N Dec. 1, 10-12 (BIA 2006), that applicants who are not legally married do not qualify for asylum under Matter of C-Y-Z-, 21 I&N Dec. 915 (BIA 1997); instead, an unmarried applicant must show that he had been (or presumably would be) persecuted for "other resistance" to a coercive population program.

In February 2008, Jiang, proceeding with a different attorney, filed a second motion to reopen, based on an alleged rise in forced abortions and sterilizations in China.[1] The BIA issued a decision identical to the one it issued on August 30, 2007, except that the cite to Matter of S-L-L was changed to a cite to Matter of J-S-, 24 I&N Dec. 520 (A.G. 2008). The second opinion, however, is inaccurate, which suggests that the BIA had not engaged in proper review of the second motion to reopen. For example, the second decision states that Jiang provided with his motion the birth certificates of his two daughters "and a small amount of objective evidence which predates July 2000." The opinion also states that "all of the evidence presented with the respondent's motion to reopen pre-dates his April 26, 2002 hearing before the Immigration Judge." Both of these statements are incorrect. With his second motion to reopen, Jiang provided numerous documents; see list at A.R. 37-40 (listing 34 exhibits); and most of these exhibits date from 2005-2007.

"[T]he BIA abuses its discretion if it fails completely to address evidence of

_____

[1] The time and numerical limitations on motions to reopen do not apply to motions to reopen to apply or reapply for asylum based on changed country circumstances. 8 C.F.R. § 1003.2(c)(3).

3

changed country circumstances offered by a petitioner . . . ." <u>Zheng v. Attorney General</u>, 549 F.3d 260, 268 (3d Cir. 2008) (quoting <u>Wang v. BIA</u>, 437 F.3d 270 (2d Cir. 2006)). The Government notes the BIA's statement that "[e]ven if the evidence was not available and could not have been discovered or presented at the respondent's prior hearing, we note that none of the evidence attached to the respondent's motion supports his assertion that, as the parent of two daughters, he 'will suffer a forced vasectomy if [he] is forced to return to China.'" A.R. 3. Given the other inaccuracies in the BIA's opinion, we cannot be assured that this sentence, which also appears in the BIA's earlier decision denying Jiang's first motion to reopen, <u>see</u> A.R. 381; reflects that the BIA actually examined the materials Jiang submitted.[2]

Given the shortcomings in the BIA's decision, we will vacate that decision and remand for further proceedings. We express no opinion regarding whether Jiang has made a <u>prima</u> <u>facie</u> case for reopening based on changed country conditions; we leave that determination for the BIA in the first instance.

---

[2] <u>See</u>, <u>e.g.</u>, Letter from Villagers Committee of Guanghui Village, noting that Jiang's children would be counted for family planning law purposes once they are registered in Jiang's household registry, and that Chinese citizens with two children will be targeted for sterilization. A.R. 82-83.